UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

BRANDON JOSEPH GILLARD,

Debtor.

Chapter 7
Case No. 20-20077

## AMENDED[1] ORDER OVERRULING OBJECTION TO
## DEBTOR'S MOTION SEEKING AN EXTENSION OF DEADLINES

The Debtor commenced the above-referenced chapter 7 case on March 5, 2020. The same day, the Court issued an Order to Comply With Bankruptcy Rules 1007 and Notice of Intent to Dismiss Case directing the Debtor to file; (a) a Creditor Matrix and Certification/Verification of Creditor Matrix on or before March 12, 2020; (b) Schedules and a Statement of Financial Affairs on or before March 19, 2020; and (c) a Statement of Intention for Individuals Filing Under Chapter 7 on or before April 6, 2020 (the "OTC).

On March 11, 2020, the Debtor filed a motion seeking to extend the deadlines set forth in the OTC by thirty days.  The Court granted the motion by order dated March 11, 2020 (the "Extension Order").  In an effort to avoid any confusion regarding deadlines, the Court *sua sponte* extended all deadlines to the same date, April 20, 2020.  Pursuant to D. Me. LBR 9013-1(d)(1), the order stated, "This Order shall become final in fourteen (14) days unless a party in interest sooner objects, in which case the matter shall be set for hearing and considered by the Court as if this Order had not entered."

---

[1] This order amends and supersedes the Order Overruling Objection to Debtor's Motion Seeking An Extension of Deadlines issued on the same date.  The only change is the substitution of April 20, 2020 for April 6, 2020 in the third sentence of the second paragraph.

On March 24, 2020, creditor Karen MacGregor filed an objection to the Debtor's motion alleging that his request for an extension of time was merely a continuation of delay tactics long employed by the Debtor in state court disclosure hearings.  In support of that objection Ms. MacGregor attached a number of documents indicating the Debtor has been found in contempt for failure to file similar documents under order of court.  Ms. MacGregor asserts that any further delay is unjustified and prejudicial to creditors.

Under normal circumstances, the Court would find these allegations and the supporting documentation compelling because a chapter 7 case cannot be administered until a creditor's matrix and financial documents have been supplied.  Unfortunately, these are not normal times. In the thirteen days between entry of the Extension Order and the filing of Ms. MacGregor's objection, the procedural landscape of this case, and almost every other case currently pending before this Court and others, changed dramatically as a result of the rapidly moving Covid-19 pandemic.  Critically, the United States Trustee Program has continued all creditors' meetings previously scheduled through April 10, 2020 to a date later to be determined.  For the most part, 341 meetings are being continued into May.  In other words, even if the Debtor filed his schedules today, this case would not move with any more noticeable speed than it will under the deadlines set forth in the Extension Order.

While the Court does not find the deadlines set forth in the Extension Order prejudicial under these circumstances, the allegations contained in Ms. MacGregor's objection, and the documents attached thereto, are certainly concerning.  The Debtor should be aware that if he asks for a further extension, the Court will carefully weigh Ms. MacGregor's concerns against any justifications the Debtor offers in support of such relief.

WHEREFORE, the objection by Ms. MacGregor is OVERRULED and the Debtor is directed to file all documents listed in the OTC on or before April 20, 2020.

Dated:  March 26, 2020                                     /s/ Peter G. Cary
                                                          Judge Peter G. Cary
                                                          United States Bankruptcy Court